IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HASSAN HAMMOUD, | * | |
| Petitioner, | * | Criminal No. RDB-14-0017 |
| v. | * | |
| | | Civil Action No. RDB-15-3239 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On May 16, 2014, Petitioner Hassan Hammoud ("Petitioner" or "Mr. Hammoud") pled guilty to conspiracy to use fire to commit a federal felony, in violation of 18 U.S.C. § 844(m).[1] Thereafter, this Court sentenced Petitioner to a term of imprisonment of sixty-three months. Judgment, ECF No. 35. Petitioner noted an appeal (ECF No. 38) to the United States Court of Appeals for the Fourth Circuit on October 30, 2014, despite the waiver of his right to appeal in the plea agreement. *USA v. Hammoud*, 613 F. App'x 216 (4th Cir. 2015). On appeal, Mr. Hammoud's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he explained that "there are no meritorious grounds for appeal, but set[] forth arguments challenging the validity of the plea and the reasonableness of the sentence." *Id.* at 216. The Fourth Circuit granted the Government's Motion to Dismiss and thus dismissed the appeal on June 4, 2015. *Id.* at 217. Petitioner did not file a petition for *certiorari* with the United States Supreme Court. Mot. to Vacate, 2, ECF

---

[1] Petitioner was originally indicted on two counts: conspiracy to use fire to commit a federal felony, in violation of 18 U.S.C. § 844(m) (Count One); and use of fire to commit a federal offense, in violation of 18 U.S.C. § 844(h)(1). Indictment, ECF No. 1. By pleading guilty to Count One, however, the Government agreed to dismiss Count Two. *See generally* Plea Agreement, ECF No. 28; *see also* Judgment, ECF No. 35.

No. 52.

Mr. Hammoud timely filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52). He appears to request only that this Court "correct" his sentence, and not that it be vacated. Mem. in Support of Mot. to Vacate, 2, ECF No. 52-1. Indeed, he does not claim innocence, but rather repeatedly apologizes to this Court for his "shamful [sic] acts." *Id.* Also pending are Petitioner's Motion for Default Judgment (ECF No. 56) and Emergency Motion to Appoint Counsel (ECF No. 58). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner Hassan Hammoud's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) is DENIED; Petitioner's Motion for Default Judgment (ECF No. 56) is DENIED;[2] and Petitioner's Emergency Motion to Appoint Counsel (ECF No. 58) is DENIED.[3] In sum, Petitioner fails to raise any cognizable ground to support the "correction" of his sentence.

BACKGROUND

On January 14, 2014, a federal grand jury indicted Petitioner on charges of (1) conspiracy to use fire to commit a federal felony, in violation of 18 U.S.C. § 844(m); and (2) use of fire to commit a federal felony, in violation of 18 U.S.C. § 844(h)(1). *See* Indictment,

---

[2] Petitioner moves for a default judgment on the grounds that the Government failed to respond to his Motion to Vacate. Mot. for Default J., ECF No. 56. His argument, however, rests on the mistaken assertion that the Government's Response was due on December 25, 2015. *Id.* at 1. By Order dated December 29, 2015, this Court granted the Government's Motion for Extension of Time (ECF No. 54), thereby extending the deadline to January 25, 2016. Order, ECF No. 55. The Government filed its Response on January 25, 2016, thereby complying with this Court's Order. *See* Resp. in Opp'n, ECF No. 57. As such, Petitioner's Motion is DENIED.

[3] Petitioner has no right to counsel in this collateral attack against his sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). An attorney will be appointed, however, only where the petitioner has established that "the interests of justice so require." 18 U.S.C. § 3006A(a). As will be discussed *infra*, Petitioner has not made such a showing. His Emergency Motion to Appoint Counsel is accordingly DENIED.

ECF No. 1. The charges stemmed from a conspiracy between Mr. Hammoud and Saleh Fakhoury ("Fakhoury") to destroy Fakhoury's residence through arson, and then collect the insurance proceeds. *Id.* at 3. Petitioner agreed to help Fakhoury in exchange for a portion of the insurance proceeds. Gov't Resp. in Opp'n, 1-2, ECF No. 57.

After a fire on March 12 or 13, 2009 completely destroyed his residence,[4] Fakhoury submitted a claim to Great Northern Insurance Company ("Great Northern") for $2,233,775.62 for the home and $921,422.22 for its contents. *Id.*; Indictment at 3. Great Northern denied the claim, but paid $828,773 to the mortgagor of Fakhoury's residence, Chase Manhattan Bank. Indictment at 3-4. Although it is unclear whether Petitioner actually set the fire himself, Fakhoury purportedly paid him $20,000 in compensation for his services. Gov't Resp. in Opp'n at 2.

Petitioner pled guilty to conspiracy to use fire to commit a federal felony, in violation of 18 U.S.C. § 844(m) on May 16, 2014. *See* Plea Agreement, ECF No. 28. As part of the agreement, Petitioner waived his right to appeal. *Id.* Despite that waiver, Mr. Hammoud appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. *See USA v. Hammoud*, 613 F. App'x 216 (4th Cir. 2015). Pursuant to *Anders v. California*, 386 U.S. 738, Petitioner's counsel challenged only the validity of the plea and the reasonableness of the sentence because Petitioner had no meritorious grounds for appeal. *Id.* at 216. Petitioner filed his own supplemental brief *pro se*, asserting his actual innocence and the ineffective assistance of counsel. *Id.* The Government then moved to dismiss on the sole ground that Petitioner explicitly waived his right to appeal in his plea agreement. *Id.* The

---

[4] This fire was the second deliberate fire, as the first attempt on March 12, 2009 caused only minimal damage. Indictment at 3; Gov't Resp. in Opp'n at 1-2.

Fourth Circuit agreed, holding that the record clearly reflected that Mr. Hammoud's waiver was knowing and intelligent. *Id.* at 4. Moreover, any claims of ineffective assistance of counsel were properly reserved for collateral review. *Id.* (citing *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir.), *cert. denied*, 135 S. Ct. 215 (2015) (explaining that an attorney's ineffectiveness must be apparent on the face of the record to be cognizable on direct appeal)).

Mr. Hammoud timely filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52). Petitioner seeks four forms of relief: (1) transfer to a different Bureau of Prisons facility; (2) psychological counseling; (3) reduction of his sentence; and (4) the appointment of counsel. Mem. in Support of Mot. to Vacate at 12. Unlike his appeal, he does not assert his innocence. Rather, he requests only the "correction" of his sentence. *Id.* at 1-2.

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United*

*States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

## DISCUSSION

As noted *supra*, Petitioner moves only to "correct" his sentence, and not to vacate. In so doing, he seeks four specific forms of relief: (1) transfer to a different Bureau of Prisons facility; (2) psychological counseling while incarcerated; (3) reduction of his sentence; and (4) the appointment of counsel. Mem. in Support of Mot. to Vacate at 12. As the first and second forms of relief each concern Bureau of Prisons-related issues, they will be addressed together. Next, this Court will consider the merits of his request to reduce his sentence. Finally, this Court will turn to the appointment of counsel.

### I. Bureau of Prisons Relief

A Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is the primary means through which a federal inmate may collaterally attack a sentence. *Davis v. United States*, 417 U.S. 333, 343 (1974). 28 U.S.C. § 2255 is not, however, the proper vehicle to challenge the execution of that sentence. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Rather, 28 U.S.C. § 2241 provides general habeas authority to make such a challenge. *Id.*

In this case, Mr. Hammoud specifically challenges the manner in which the Bureau of Prisons carried out the sixty-three month sentence imposed by this Court. He does not argue that his desire for a transfer or for psychological counseling somehow renders his sentence illegal. This challenge, however, must be brought under 28 U.S.C. § 2241 in the jurisdiction in which the Petitioner currently resides. 28 U.S.C. § 2241(a). According to the Motion to

5

Vacate, Mr. Hammoud is incarcerated at CI Moshannon Valley, which is located in Pennsylvania. This Court thus does not have jurisdiction over any challenge to the execution of his sentence. Accordingly, Petitioner's first and second forms of relief are denied.

## II.     Reduction in Sentence

Next, Petitioner seeks a twelve-month reduction of his sentence on the grounds that his counsel failed to note Petitioner's assistance to law enforcement and alleged psychological issues at sentencing. As Mr. Hammoud is *pro se*, this Court will construe his request as an ineffective assistance of counsel claim. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (explaining that, absent certain conditions, ineffective assistance of counsel claims are properly raised on collateral review under 28 U.S.C. § 2255).

In order to state a claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient. Rather, a petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

Mr. Hammoud satisfies neither prong, as his assertions are belied by the record. Turning first to the "performance" prong, the record indicates that Petitioner's counsel *did* raise Petitioner's assistance and health throughout the representation of Petitioner. Petitioner's counsel negotiated a plea bargain that reflected Petitioner's acceptance of responsibility and assistance to the Government. *See, e.g.* Sentencing Tr. 29:16-23, ECF No. 49. At sentencing, he exhaustively described Petitioner's assistance, family, and health. *See generally* Sentencing Tr. 30-42. Far from falling below *Strickland*'s "objective standard of reasonableness," a review of the record clearly shows that counsel advocated vigorously on Petitioner's behalf.

Even if Mr. Hammoud could show that counsel's performance was deficient, he did not suffer any prejudice from the claimed deficiencies. This Court, the Government, and Petitioner's counsel repeatedly referred to the credit Petitioner received for his assistance to the Government in the investigation of the fire. *See, e.g.* Sentencing Tr. 29:16-23. With respect to Mr. Hammoud's "mental health issues," this Court recommended that he receive psychological counseling "in light of the trauma that obviously [the fire and subsequent charges] has caused in your life." Sentencing Tr. 52:5-6. This Court was thus aware of the possible psychological toll such an experience could have. Petitioner simply has offered no evidence that this Court's sentence would be different with additional information on his purported "mental health issues." Absent any showing of prejudice or performance deficiency, Petitioner's claim for ineffective assistance of counsel must be denied.

### III. Appointment of Counsel

Finally, Petitioner requests that he be appointed counsel. It is well established that the Sixth Amendment right to counsel does not extend to collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). It is within the discretion of the court to appoint counsel if "the interests of justice so require." 18 U.S.C. § 3996A(a). As Petitioner has raised no grounds for relief under 28 U.S.C. § 2255, the "interests of justice" do not require the appointment of counsel. His request is accordingly denied.

## CONCLUSION

For the foregoing reasons, Petitioner Hassan Hammoud's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 52) is DENIED; Petitioner's Motion for Default Judgment (ECF No. 56) is DENIED; and Petitioner's Emergency Motion to Appoint Counsel (ECF No. 58) is DENIED. In sum, Petitioner fails to raise any cognizable ground to support the "correction" of his sentence.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.


Dated:     June 16, 2016

/s/
Richard D. Bennett
United States District Judge